UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PINGMEI YU,

Petitioner,

v.

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,

Respondents.

Case No.:  26cv1946-LL-SBC

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Pingmei Yu's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondent filed a Return in opposition to the Petition. ECF No. 4. For the reasons set forth below, the Court **DISMISSES** the Petition.

**I.      BACKGROUND**

Petitioner is a citizen of China who is married and has two children. Pet. ¶ 53. When she became pregnant with a third child, local planning officials forcibly terminated her pregnancy and subjected her to involuntary sterilization in 2014, "pursuant to China's coercive population control policies." *Id.* ¶ 54. She was subjected to domestic violence by her husband "who blamed her inability to bear additional children on the sterilization." *Id.* ¶ 55. In July 2024, Petitioner was severely beaten by her husband, resulting in a traumatic

1

head injury. *Id.* ¶ 56. This caused memory loss, confusion, diminished cognitive functioning, and hearing impairment. *Id.* She reported the incident to local authorities, but her husband was released shortly after. *Id.*

Petitioner fled China in about August 2024 because she feared for her safety. *Id.* ¶ 57. When she attempted to enter the United States without inspection on about May 30, 2025, she was apprehended, detained, and placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). *Id.* ¶ 58; ECF No. 4-1 at 2.

On about September 9, 2025, Petitioner had a credible fear interview with an asylum officer but due to her cognitive impairments, she "had difficulty understanding the questions posed and articulating the full extent of her claims." Pet. ¶¶ 59–60. Petitioner "did not fully describe her forced sterilization or the severity of the persecution she had suffered." *Id.* ¶ 60. On about September 16, 2025, Petitioner was issued a negative credible fear determination, which barred her from applying for asylum. *Id.* ¶¶ 26, 62. An immigration judge affirmed the decision on September 22, 2025. *Id.* ¶ 62; ECF No. 4-1 at 6–7. Since that date, Petitioner has been mandatorily detained under 8 U.S.C. § 1231 as a noncitizen with a final removal order. ECF No. 4 at 2.

On March 27, 2026, she filed the instant Petition. Pet.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

/ / /

/ / /

## III.    DISCUSSION

Petitioner alleges that her detention due to "a procedurally defective credible fear process" that "deprived her of a meaningful opportunity to present her claims" violates the Fifth Amendment's Due Process Clause, agency regulations, the Immigration and Nationality Act, and the Administrative Procedure Act. Pet. ¶¶ 64, 65–96. Agency regulations task the asylum officer with "elicit[ing] all relevant and useful information bearing on whether the [noncitizen] can establish a credible fear of persecution or torture." 8 C.F.R. § 208.30(d). Petitioner alleges that her credible fear interview was deficient because the asylum officer failed to "adequately develop the record or elicit critical facts central to Petitioner's claim, including her forced sterilization," which "constitutes persecution as a matter of law under INA § 101(a)(42)." Pet. ¶ 61. Pursuant to INA § 101, codified as 8 U.S.C. § 1101, "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42). Petitioner thus alleges that had she been able to fully describe her involuntary sterilization, she would have established a credible fear of persecution as a matter of law.

Respondents argue that as a threshold matter, Petitioner's claims and requested relief are jurisdictionally barred under 8 U.S.C. § 1252(a)(2)(A), § 1252(e), and § 1252(g). ECF No. 4 at 2–6.

Section 1252(a)(2)(A) provides that no court shall have jurisdiction to review (1) a "cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to [§] 1225(b)(1)"; (2) "a decision by the Attorney General to invoke" the provisions of § 1225(b)(1); (3) the application of § 1225(b)(1) to individual noncitizens, "including the [credible fear] determination made under [§] 1225(b)(1)(B)"; and (4) the "procedures and policies adopted by the Attorney General to implement the provisions of [§] 1225(b)(1)" except as provided in § 1252(e). 8 U.S.C. § 1252(a)(2)(A). Section 1252(e)(2) allows judicial review of expedited removal orders under § 1225(b)(1) in habeas corpus proceedings only to determine (1) "whether the petitioner is an alien," (2) "whether

3

the petitioner was ordered removed under such section, and" (3) whether the petitioner can prove that he has been lawfully admitted as a permanent resident, a refugee, or has been granted non-terminated asylum. 8 U.S.C. § 1252(e)(2).

The Court finds that although Petitioner has raised a colorable claim that her credible fear interview was deficient, it lacks jurisdiction based on binding precedent.[1] The Ninth Circuit has stated that even when it has found a noncitizen in expedited removal raised a colorable constitutional claim about a deficient credible fear interview, it lacked jurisdiction to hear the challenge based on 8 U.S.C. § 1252(a)(2)(A) and binding Supreme Court precedent:

> With respect to a noncitizen's right to review of an expedited removal order, Congress has provided for a credible fear interview with an asylum officer, review of the asylum officer's determination by a supervisor, and final review by an immigration judge. Congress chose to strictly cabin this court's jurisdiction to review expedited removal orders. It provided exceptions to that limitation under specific circumstances that do not apply here. *Thuraissigiam* precludes this court from recognizing a "colorable constitutional claim" exception to this case.

*Guerrier v. Garland*, 18 F.4th 304, 312–13 (9th Cir. 2021) (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020)). Similarly, this Court lacks jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(A) to review this Petition.[2] *See id.*

---

[1] Deficiencies with the credible fear determination process was the subject of a recent law review note that proposed reforms. Luna Gibbels, *Broken Records: Evidentiary Failures in Expedited Removal and Credible Fear Reviews*, 99 S. Cal. L. Rev. Postscript 28, 30 (2026) ("Specifically, immigration and asylum officers can make errors in developing the record of facts as to noncitizens' fear, and these errors then form an inaccurate basis for the immigration judge's determination in credible fear review.").

[2] The Court notes that the Supreme Court in *Thuraissigiam* pointed out that although there are jurisdictional limitations for judicial review, "[d]epartment officials and immigration judges may reopen cases or reconsider decisions, see 8 C.F.R. §§ 103.5(a)(1), (5), and 1003.23(b)(1), and the Executive always has discretion not to remove, see *AAADC*, 525 U.S. at 483–484, 119 S.Ct. 936." *Thuraissigiam*, 591 U.S. 103, 140 n.28.

## IV.    CONCLUSION

Accordingly, because the Court lacks jurisdiction, the Petition is **DISMISSED.**

**IT IS SO ORDERED.**

Dated:  May 1, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv1946-LL-SBC